**Cara R. Burns, Esq. (State Bar No. 137557)**
cburns@hmkblawyers.com
**HICKS, MIMS, KAPLAN & BURNS**
**2800 28th Street, Ste 383**
**Santa Monica, California 90405**
**Telephone: (310) 314-1721**
**Facsimile: (310) 314-1725**

**Attorneys for Plaintiff,**
**Live Nation Merchandise, Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE NATION MERCHANDISE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY, <br><br> Defendants. | Case No. 2:19-cv-4479 <br><br> **COMPLAINT FOR: TRADEMARK INFRINGEMENT; VIOLATIONS OF THE LANHAM ACT; VIOLATION OF CALIFORNIA CIVIL CODE 3344(a); AND VIOLATION OF RIGHT TO PRIVACY** |

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff"), by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2. Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") is a Delaware limited liability corporation with its principal place of business in San Francisco, California.

3. Defendants John Does 1-5, Jane Does 1-4 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. The individual defendants and defendant XYZ Company will be present in and about the Central District of California in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-5, Jane Does 1-4, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The performers known as **"Dead & Company"** (the "Group") is the trademark used by them in connection with the Group's performing, merchandising and other related goods in all aspects of the entertainment industry and to distinguish the Group's services from all other such artists. The Group is comprised of certain members of the group the "Grateful Dead" which has used their trademarks in connection with recording and performing services for approximately 50 years and Dead & Company has used their mark for approximately 4 years.

8. Dead & Company and the Grateful Dead's trademarks, service marks, likeness, logos, designs, and other indicia are hereinafter collectively referred to as the "GD Trademarks." Many of the GD Trademarks are federally registered and many of these marks are incontestable See Exhibit A hereto.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all of the GD Trademarks (namely of "Dead & Company" and the "Grateful Dead") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the GD Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the GD Trademarks on recording covers and merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the GD Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the GD Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the GD Trademarks.

13. On Monday, June 3, 2019 and Tuesday, June 4, 2019 at the Hollywood Bowl in Los Angeles, California, the Group will perform (the "Concerts"). Authorized Tour Merchandise bearing any or all of the GD Trademarks will be sold throughout the United States before and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the GD Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concerts, before, during and after their performances, and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

Hicks, Mims, Kaplan & Burns
Attorneys at Law

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF

### (Infringement of Registered Trademark)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF

### (Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## THIRD CLAIM FOR RELIEF

### (Violation of California Civil Code § 3344(a))

24. Plaintiff realleges each allegation set forth in paragraphs above.

25. Upon information and belief, the aforesaid acts by Defendants and others will involve the knowing use of the Group's name and likeness without consent, in violation of California Civil Code § 3344(a).

26. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344 with respect to Defendants' unlawful use of the Group's names and likenesses.

## FOURTH CLAIM FOR RELIEF

### (Violation of Common Law Right to Privacy)

27. Plaintiff realleges each allegation set forth in paragraphs above.

28. By virtue of the expenditures of time, efforts and talent by the Group and Plaintiff in advertising, publicizing and promoting the accomplishments of the Group and through extensive commercial exploitation of their public persona, the Group and Plaintiff have created rights of publicity in the Group's names and likenesses which has been licensed and conveyed to Plaintiff.

29. The aforesaid uses of the GD Trademarks by Defendants constitute infringements of such rights of privacy.

30. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief under the Common Law Right to Privacy with respect to Defendants' unauthorized use of Group's names and likenesses.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Live Nation Merchandise, Inc. seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C. That Defendants deliver up for destruction any and all Infringing Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: May 23, 2019

Respectfully Submitted,
Live Nation Merchandise, Inc.
By Its Attorneys
/s/ Cara R. Burns
Cara R. Burns, Esq. (Cal. Bar # 137557)
cburns@hmkblawyers.com
Hicks, Mims, Kaplan & Burns
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725